UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| UNITED FACULTY OF FLORIDA, et al.,<br><br>  *Plaintiffs*,<br><br>v.<br><br>RICHARD CORCORAN, in his official capacity as the Florida Commissioner of Education, et al.,<br><br>  *Defendants*. | Case No. 4:21-cv-00271-MW-MAF |

# REPORT OF RULE 26 INITIAL CONFERENCE

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's September 8, 2021 Initial Scheduling Order (ECF No. 41), the following counsel of record conducted a Rule 26(f) meeting by telephone on October 5, 2021:

| **Counsel** | **Parties** |
|---|---|
| Frederick Wermuth<br>Elisabeth Frost<br>Alexi Velez<br>Joseph Posimato<br>Spencer Klein | Plaintiffs |
| George T. Levesque<br>James Timothy Moore, Jr. | Defendants |

The parties hereby submit this joint report and proposed discovery plan concerning matters set forth in Federal Rule of Civil Procedure 26(f) and the Court's Order, all of which were addressed during the parties' telephone conference.

**A.   Magistrate Judge Jurisdiction**

The parties have conferred regarding this issue.

**B.   Nature and Bases of Claims and Defenses**

**1.   Plaintiffs' Claims**

Plaintiffs challenge the provisions of HB233 that (1) require the governing boards of Florida's public college and universities to create surveys on "intellectual freedom and viewpoint diversity" (the "Survey Provisions"), (2) prohibit any public college or university (or the governing boards thereof) from "shielding" students, faculty, or staff from certain types of speech (the "Anti-Shielding Provisions"), and (3) permit students at Florida's public colleges and universities to record lectures without faculty consent or the consent of others who may be recorded in the process for personal educational use or for use in an investigation into any civil or criminal violation ("Recording Provisions"). Plaintiffs challenge these provisions on the grounds that they violate their rights under the First Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, by (1) discriminating against Plaintiffs' viewpoints (each of the provisions); (2) infringing on Plaintiffs' freedom of association (the Survey Provisions); and (3) compelling Plaintiffs to speak (the Anti-Shielding Provisions).

**2.     Defendants' Defenses**

Plaintiffs lack standing because their claimed feared injuries are purely conjectural, hypothetical, and not traceable to the statutory changes made by chapter 2021-159, Laws of Florida. Nothing in the text of sections 1001.03, 1001.706, 1004.097, 1004.26, and 1006.60, when read individually or *in pari materia*, discriminates against any particular viewpoint; impairs the ability of any group, regardless of viewpoint, to freely assemble and associate with others of like or differing views; or compels any individual to say or express ideas or opinions in any manner. Based upon the allegations of the Amended Complaint, Plaintiffs lack standing to challenge chapter 2021-159.

Plaintiffs have also failed to present a cognizable facial challenge to chapter 2021-159, regardless of whether it is couched as a claim for viewpoint discrimination, impairment of rights to freedom of association, or compelled speech. The State has valid, significant interests in assessing the health of viewpoint diversity and encouraging academic freedom and the free and civil exchange of ideas in university settings. This includes providing protections for the First Amendment-protected expressive rights of those who may have views or beliefs that some may find uncomfortable, unwelcome, disagreeable, or offensive, and providing mechanisms whereby those rights may be meaningfully protected and

enforced. Moreover, the scope and breadth of chapter 2021-159 is narrowly tailored to serve this purpose.

**C.     Settlement and Alternative Dispute Resolution**

    **1.     Settlement**

The parties agree that settlement is unlikely at this time.

    **2.     Alternative Dispute Resolution**

The parties agree that mediation (or other forms of alternative dispute resolution) is not likely to be helpful in settlement until the Court decides the merits of Plaintiffs' claims.

**D.     Proposed Schedule**

The parties have agreed to the following proposed schedule:

| **Deadline or Event** | **Proposed Dates** |
|---|---|
| Mandatory Initial Disclosures | October 19, 2021<br><br>(14 days after the Rule 26(f) conference, set for 10/5/21) |
| Corporate disclosure statement | Plaintiffs filed their disclosure on September 20, 2021.<br><br>Defendants are governmental officials and not required to file a disclosure under Rule 7.1. |

| **Deadline or Event** | **Proposed Dates** |
|---|---|
| Deadline for Plaintiffs to Amend Pleadings and Join Parties | November 1, 2021 or 14 days after the Court rules on the pending motion to dismiss, whichever is later.[1] |
| Deadline for Defendants to Amend Pleadings and Join Parties | December 1, 2021 or 14 days after Plaintiffs file any amended complaint following the motion to dismiss. |
| Plaintiffs' Expert Disclosures and Reports | February 25, 2022 |
| Defendants' Expert Disclosures and Reports (including any rebuttals to Plaintiffs' Reports) | March 28, 2022 (30 days after Plaintiffs' disclosure) |
| Plaintiffs' Expert Disclosures for any Rebuttal Experts and Rebuttal Reports | April 27, 2022 (30 days after Defendants' disclosure, per Rule 26(a)(2)(D)(ii)) |
| Fact discovery deadline | February 11, 2022 |
| Expert discovery deadline | May 11, 2022 |
| Dispositive motions | June 1, 2022 (21 days after close of discovery, per Initial Scheduling Order, ¶5(c)) |
| Oppositions to Dispositive Motions | June 22, 2022 (21 days after MSJ, per LR 56.1(c)) |
| Replies in Support of Dispositive Motions | June 29, 2022 (7 days after Response to MSJ, per LR 56.1(D)) |

---

[1] The Parties, by agreeing to this schedule, do not intend to waive the right to file a motion to amend the pleadings under Rule 15(a)(2) after the stated deadlines.

| **Deadline or Event** | **Proposed Dates** |
|---|---|
| Pretrial Disclosures (exhibit lists, witness lists) | June 16, 2022<br><br>(30 days before trial, per Rule 26(a)(3)(B)) |
| Objections to Witness and Exhibit Lists, motions *in limine*, and Daubert motions | June 30, 2022<br><br>(14 days after Pretrial Disclosures, per Rule 26(a)(3)(B)) |
| Final pretrial conference | TBD by Court<br><br>(per Initial Scheduling Order, ¶2(d)) |
| Pretrial briefs | TBD by Court<br><br>(per Initial Scheduling Order, ¶2(d)) |
| Trial term begins | July 25, 2022 |
| Estimated length of trial | 5 days |
| Jury/Non-Jury | Non-Jury |
| Mediation | None proposed |
| All parties consent to proceed before magistrate judge | Yes __<br><br>No X |

**E.      Discovery Plan**

The parties propose this discovery plan:

**1.      Subjects of Discovery[2]**

Plaintiffs require discovery on the subjects listed in their respective First Sets

---

[2] The Parties' respective statements as to the subjects of discovery are their own and, by joining in this Report, the Parties do not join or admit their respective statements.

of Requests for Production, First Set of Interrogatories, public records requests, and subpoenas. That discovery includes requests and interrogatories related to the following the following subjects: the legislative intent behind HB 233; the purpose of HB 233; the origins of HB 233, including any model legislation HB 233 was based on; the plans for implementing HB 233; potential uses for information obtained as a result of HB 233's challenged provisions and the consequences of the same provisions, including the risk that they result in harassment of faculty, students, or staff, that they chill protected speech or associational activities, that they influence curriculum decisions, or that they are used in connection with funding or employment-related decisions; the power and proclivity of Defendants or other Florida governmental actors with the power to enforce or influence the enforcement of HB 233 to make funding, employment-related, or curriculum or educational content-based decisions because of (in full or in part) the political views or perceived political bias on the part of the faculty member or the presence of certain political views or perceived bias within a school more broadly; and instances of and complaints about video or audio recordings of any faculty member at a Florida college or university by any student during a lecture, whether or not authorized by HB 233. Plaintiffs anticipate serving some additional discovery on these and related subjects.

        Defendants will need discovery on Plaintiffs' allegations that would confer

standing. Namely, discovery will be required to ascertain allegations that Plaintiffs are being singled out and targeted for their viewpoints, including precise identification of those viewpoints that are targeted by chapter 2021-159. Discovery will also be required relating to allegations that Plaintiffs are being threatened such that they are being chilled from the free exercise of their First Amendment rights, including any activities that were mandated by chapter 2021-159 that have had a chilling effect. Finally, discovery will be required into allegations that the changes in law compel Plaintiffs to express ideas, thoughts, and opinions that are not their own, and the circumstances surrounding those instances.

## 2. Electronic Discovery

The parties discussed issues relating to disclosure or discovery of electronically storied information ("ESI"), including pre-discovery initial disclosures, and agree to the following: (1) disclosure or production of electronically stored information will generally be limited to data reasonably available to the parties in the ordinary course of business; (2) the parties do not anticipate seeking data beyond what is reasonably available in the ordinary course of business; (3) the parties agree to produce electronically stored information in native format where feasible; (4) the parties represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction; (5) the parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) regarding the

inadvertent production of privileged information; and (6) the parties do not at this moment anticipate that any other problems will arise in connection with electronic or computer-based discovery.

### 3. Timing of Discovery and Trial

The parties agree that the deadline for fact discovery should be February 11, 2022, and the deadline for expert discovery should be May 11, 2022. The parties further agree that motions for summary judgment should be filed by June 1, 2022, and be fully briefed by June 29, 2022.

The premise of these provisional dates is that the Court will be in a position to rule on the dispositive motions by June 29, 2022, and the case will be ready for trial on July 25, 2022. While holding the trial in July is outside this Court's preferred eight-month deadline for trial, ECF No. 41, this schedule allows the parties to prepare and file exhibit lists, objections, *Daubert* motions (and responses), motions *in limine* (and responses), witness lists, and other pre-trial filings as the Court may direct, as well as proposals for the consolidation of various issues for trial.

The Parties agree that a five-day trial should be sufficient. The Plaintiffs submit that a five-day trial starting on July 25, 2022 will ensure that this matter is resolved expeditiously and with sufficient time to implement any remedy ordered by the Court, while allowing sufficient time to conduct discovery and submit pre-trial filings.

4. **Forms of Discovery**

The parties anticipate all forms of written discovery and depositions may be appropriate as provided by the Federal Rules of Civil Procedure. Plaintiffs anticipate that certain materials produced will be in the form of electronic or computer-based media, including data, spreadsheets, and electronically-stored documents and emails. The parties at this time do not seek any restrictions on discovery beyond the limitations set forth in this agreement or the Federal Rules of Civil Procedure; however, the parties agree to confer in good faith as needed regarding any proposed limitations on discovery.

5. **Discovery in Phases**

Plaintiffs and Defendants agree that it would be useful to have phased discovery cutoff dates for fact and expert discovery. The parties propose a fact discovery cutoff date of February 11, 2022, and an expert discovery cutoff date of May 11, 2022. While these discovery cutoff dates are outside the deadline included in this Court's scheduling order, ECF No. 41, such dates will give the parties sufficient time to conduct fact and expert depositions, exchange documents, conduct third-party discovery, prepare and exchange expert reports, and serve and respond to any necessary supplemental discovery based on each party's initial productions.

6. **Limitations on Discovery**

The parties agree to the following limitations on discovery:

      a.    The parties agree that each party will issue no more than twenty-five (25) interrogatories to each Defendant or to each group of Plaintiffs. The parties may, however, seek leave for additional interrogatories depending on each party's responses.

      b.    The parties agree, to the extent practicable, that they will coordinate depositions among the parties so that each deponent need only appear once.

**F.**   **Suitability of Using Manual for Complex Litigation**

The parties agree that this case should not be made subject to the Manual for Complex Litigation.

Respectfully submitted this 19th day of October 2021.

| | |
|---|---|
| /s/ Frederick S. Wermuth | /s/ George T. Levesque |
| Frederick S. Wermuth | George T. Levesque |
| Florida Bar No. 0184111 | Florida Bar No. 555541 |
| Thomas A. Zehnder | James Timothy Moore, Jr. |
| Florida Bar No. 0063274 | Florida Bar No. 70023 |
| Robyn M. Kramer | Patrick M. Hagen |
| Florida Bar No. 0118300 | Florida Bar No. 1010241 |
| King, Blackwell, Zehnder | GrayRobinson, P.A. |
| & Wermuth, P.A. | 301 S. Bronough Street, Suite 600 |
| P.O. Box 1631 | Tallahassee, FL 32301 |
| Orlando, FL 32802-1631 | Telephone: (850) 577-9090 |
| Telephone: (407) 422-2472 | Facsimile: (850) 511-3311 |
| Facsimile: (407) 648-0161 | george.levesque@gray-robinson.com |
| fwermuth@kbzwlaw.com | tim.moore@gray-robinson.com |
| tzehnder@kbzwlaw.com | patrick.hagen@gray-robinson.com |
| rkramer@kbzwlaw.com | |
| | *Counsel for Defendants* |
| Marc E. Elias | |

Elisabeth C. Frost*
Alexi M. Velez*
Jyoti Jasrasaria*
Spencer Klein*
Joseph Posimato*
ELIAS LAW GROUP LLP
10 G Street NE, Suite 600
Washington, DC 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
avelez@elias.law
jjasrasaria@elias.law
sklein@elias.law
jposimato@elias.law

*Admitted Pro Hac Vice
Counsel for the League Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2021 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111

*Counsel for Plaintiffs*