IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM A. LINK, et al.,

    *Plaintiffs*,

v.                                                      Case No.:  4:21cv271-MW/MAF

RICHARD CORCORAN, et al.,

    *Defendants*,

_____/

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND SETTING SCHEDULING CONFERENCE**

Plaintiffs have filed an emergency motion for temporary restraining order or preliminary injunction. ECF No. 75.[1] Plaintiffs seek emergency injunctive relief "because irreparable harm will occur within nine days, when Defendants and related actors disseminate the Survey required by House Bill 233[.]" *Id*. at 1-2. Plaintiffs include an alleged schedule for the implementation of the challenged Survey, which is set to be released and results collected between March 31 and April 8, 2022. *Id*. at 2. Plaintiffs ask this Court to enjoin Defendants from (1) distributing the Survey, (2) collecting or storing any responses to the Survey, (3) reporting, releasing, or making

---

[1] This Court recognizes there is a pending motion to dismiss, ECF No. 40, and as is its custom, this Court will address the arguments raised in the motion to dismiss as part of the preliminary injunction hearing.

public any data received from the responses to the Survey, and (4) taking any action based on data received from responses to the Survey. *Id.* at 33.

Under Rule of Civil Procedure 65(b)(1)(A), a court may issue a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." For a plaintiff to be entitled to a temporary restraining order, it must show "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the [defendants]; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F. 3d 1223, 1225-26 (11th Cir. 2005). While all of these elements must be established, none is controlling.

Here, Plaintiffs have failed to show that an immediate and irreparable injury will result before Defendants can be heard in opposition. While implementation of the challenged Survey appears to be scheduled for the next week, nothing precludes this Court from ordering Defendants to halt the Survey and/or destroy such data collected after Defendants have had an opportunity to be heard in this matter. In so stating, this Court is not being dismissive of Plaintiffs' asserted harm. This Court is simply suggesting that it can conduct a hearing within ten days and still remedy the

asserted harm. Accordingly, inasmuch as Plaintiffs move for a temporary restraining order, ECF No. 75, the motion is **DENIED**.

Inasmuch as the Plaintiffs move for a preliminary injunction, the Clerk shall set this matter for an expedited telephonic scheduling conference on Tuesday, March 29, 2022, at 4:00 p.m. (ET). The attorneys for both parties must confer prior to the scheduling conference in a good faith effort to reach agreement on the scheduling of a hearing on the request for preliminary injunction and on other procedural and substantive issues relating to the motion, including the need for discovery, live testimony and the admissibility of declarations.

**SO ORDERED on March 28, 2022.**

<u>s/ MARK E. WALKER</u>
**Chief United States District Judge**