# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WILLIAM A. LINK, et al.,**

    *Plaintiffs*,

v.                                                 Case No.:  4:21cv271-MW/MAF

**RICHARD CORCORAN, et al.,**

    *Defendants*,

_____/

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs move for a preliminary injunction enjoining Defendants from implementing a Florida-university-system-wide survey required by sections 1001.03(19)(b) and 1001.706(13)(b), Florida Statutes (2021). ECF No. 75. Plaintiffs assert that the survey provisions and the survey set to be distributed April 4, 2022, violate the First Amendment. This Court held an expedited hearing on the motion for preliminary injunction on Friday, April 1, 2022. For the reasons set out on the record at the hearing, Plaintiffs' motion is **DENIED**. Now, this Court issues this truncated ruling to allow Plaintiffs to appeal expeditiously, given that Defendants are set to implement the challenged survey on Monday, April 4, 2022. This Order summarizes and memorializes this Court's ruling on the record at the hearing as follows.

# I

## A

Under Rule 65 of the Federal Rules of Civil Procedure, a district court may grant a preliminary injunction if the movant shows: "(1) it has a substantial likelihood of success on the merits;" (2) it will suffer irreparable injury "unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). Although a "preliminary injunction is an extraordinary and drastic remedy," it should still be granted if "the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)).

The likelihood of success generally is the most important factor. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). And Courts have "described likelihood of success as the 'sine qua non' of preliminary injunctive relief." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). Here, as noted on the record, Plaintiffs' motion is due to be denied because Plaintiffs have not met their burden to establish a substantial likelihood of success on the merits.

B

Though Plaintiffs acknowledge that sub-sections 1001.03(19)(b) and 1001.706(13)(b) are facially neutral, they still contend that these provisions are content-based restrictions on speech.[1] This is so, say Plaintiffs, because the provisions were passed with the intent to discriminate against a particular viewpoint. *Reed v. Town of Gilbert, Arizona*, 576 U.S. 155, 166–67 (2015) controls. Applying *Reed*, this Court concludes that Plaintiffs' First Amendment claims, as set out in their pleadings and preliminary-injunction motion, rest on a cognizable theory. Thus, the question before this Court is whether the Legislature passed the challenged provisions with a discriminatory purpose.

To determine whether the purpose behind the challenged provisions is discriminatory—rendering the provisions content based and thus subject to strict scrutiny under *Reed*—this Court finds an analytical framework akin to that set out in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977) is appropriate. But here, based on this record and at this juncture, Plaintiffs have not established that the challenged provision was passed with a discriminatory intent such that this Court would review it as a content-based restriction on speech.

---

[1] This Court acknowledges that Plaintiffs' argument and resulting analysis is more nuanced when reading the statute in toto.

Plus, this Court harbors concerns about Plaintiffs' ability to establish standing beyond accepting Plaintiffs' well-pleaded allegations in their amended complaint. While this Court would normally engage in a full discussion of these justiciability issues, this Court declines to do so here because time is of the essence and delaying this Order would deprive Plaintiffs of their right to an appeal.

II

In sum, Plaintiffs have not carried their burden to show that they are likely to succeed on the merits of their claims. Thus, their motion for preliminary injunction is **DENIED**.

**SO ORDERED on April 1, 2022.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**