## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WILLIAM A. LINK, et al.,**

      *Plaintiffs*,

**v.**                       **Case No.:  4:21cv271-MW/MAF**

**RICHARD CORCORAN, et al.,**

      *Defendants*,

_____/

## ORDER GRANTING MOTION TO COMPEL

In this First Amendment case, Plaintiffs move to compel Defendants to produce documents and to supplement their responses to Plaintiffs' interrogatories. ECF No. 87. This Court has considered, without hearing, Plaintiffs' motion, and Defendants' response, ECF No. 96. As explained below, Plaintiffs are right on some points, and Defendants are right on others. Thus, Plaintiffs' motion is **GRANTED in part** and **DENIED in part**.

I

Though several provisions of the recently passed HB 233 are at issue in this case, only a few are relevant to this motion; namely, the provisions requiring the Board of Governors and Board of Education to "conduct an annual assessment of the intellectual freedom and viewpoint diversity" at Florida's postsecondary educational institutions. § 1001.03(19)(b), Fla. Stat.; § 1001.706(13)(b), Fla. Stat.

The document requests at issue—requests 2 and 6—seek documents related to these survey provisions and their implementation. ECF No. 87-1 at 6–10. Similarly, the interrogatories at issue—interrogatories 1, 2, 7, 8, and 9—inquire into what the survey provisions require, how Defendants are implementing the provisions, how the information gathered from any surveys will be used, and what state interests the provisions further. *Id.* at 11–20.

Defendants object to document request 2 as overbroad "because it seeks documents and communications about the hypothetical application of the Survey Provisions." *See, e.g.*, *id.* at 69. Such information is irrelevant, Defendants say, "because Plaintiffs' Amended Complaint invites this Court to strike down HB 233 as *facially* unconstitutional, which only requires an analysis of the statute as written." *Id.* (quotations omitted). Defendants also object to the request's breadth—it demands "all documents" related to the survey provisions—and complain the request is not limited in scope to the period after HB 233 was filed. *Id.* at 69–70. Similarly, Defendants object to request 6 as irrelevant and overbroad because it requests "all documents and communications" and is not limited to the period after HB 233 was filed. *Id.* at 76–77.

Turning to Plaintiffs' interrogatories, Defendants object to interrogatory 2—which asks how Defendants are implementing the survey provisions—arguing that, since this is a facial challenge, such information is irrelevant. Defendants lodge a

similar objection to interrogatory 7, complaining that it asks about prior versions of HB 233 and related bills, and about the future use of the survey data. The same is true for interrogatory 8.[1]

II

Parties may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.' " *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

This Court has already held that the survey provisions may be subject to strict scrutiny if passed with the intent to discriminate against a particular viewpoint. ECF No. 90 at 3. Further, this Court explained that *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), sets out the relevant standard. *Arlington Heights* instructs courts to consider (1) the challenged law's impact; (2) the law's historical background; (3) "the specific sequence of events leading up" to the law's passage, which includes "(4) procedural and

---

[1] For interrogatories 1 and 9, however, Defendants do not raise similar objections and it is unclear from Plaintiffs' motion what exactly is insufficient about Defendants' responses. For this reason, Plaintiffs' motion is **DENIED in part** as to interrogatories 1 and 9.

substantive departure; . . . (5) the contemporary statements and actions of key legislators; . . . . (6) the foreseeability of the disparate impact; (7) knowledge of that impact, and (8) the availability of less discriminatory alternatives." *Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1322 (11th Cir. 2021).

Under this standard, Plaintiffs' discovery requests seek relevant material. The way Defendants implement the survey provisions, for example, is relevant to show the survey provisions' effects. Plus, because the inquiry looks to the intent behind the survey provisions, information from before HB 233's filing is also relevant. In short, Defendants' relevance objections lack merit.[2]

But Defendants' overbreadth objection to requests for "all documents" related to the survey provisions and requests for "all documents and communications" relating to viewpoint diversity fares better. While Plaintiffs' requests seek relevant materials, "all documents" covers far too much ground. Before Defendants must respond to document requests 2 and 6, Plaintiffs must narrow them.

---

[2] Defendants do not appear to argue that their using search terms absolves them of their responsibility to conduct a complete search. Rather, they appear to argue that they were under no obligation to respond to requests 2 and 6 of Plaintiffs' request for production, and merely used the search terms "in the spirit of good faith." ECF No. 96 at 9. Thus, this Court need not address Plaintiffs' "search terms" argument. This Court only pauses to note that the onus is on the producing party to make a reasonable search for responsive documents; the onus is not on the requesting party to identify proper search terms.

III

Plaintiffs also ask this Court to order Defendants to pay Plaintiffs' reasonable expenses and fees incurred in making their motion. When, as here, "the motion is granted in part and denied in part, the court may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). This Court finds it reasonable that both sides bear their own costs. Thus, this Court declines to award fees.

Accordingly,

**IT IS ORDERED**:

1. Plaintiffs' motion to compel, ECF No. 87, is **GRANTED in part** and **DENIED in part**.

2. Plaintiffs' motion is **GRANTED** as to interrogatories 2, 7, and 8 and **DENIED** as to interrogatories 1 and 9.

3. Plaintiffs' motion is **GRANTED in part** and **DENIED in part** as to document requests 2 and 6. While this Court overrules Defendants' relevance objections, it sustains their overbreadth objections. Plaintiffs must narrow the scope of their requests before this Court will compel Defendants to answer.

**SO ORDERED on April 20, 2022.**

> **s/Mark E. Walker**
> **Chief United States District Judge**

5