IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM A. LINK, et al.,

    *Plaintiffs*,

v.                                                       Case No.:  4:21cv271-MW/MAF

RICHARD CORCORAN, et al.,

    *Defendants*,
_____/

## ORDER GRANTING IN PART AND
## DENYING IN PART MOTION FOR PROTECTIVE ORDER

This case involves a constitutional challenge to recently enacted legislation—HB 233—related to speech and viewpoint diversity in Florida's public colleges and universities. Pending before this Court is Defendants' motion for protective order as to the Board of Governors' 30(b)(6) deposition notice, ECF No. 113. The Board seeks to shield their corporate representative from having to testify regarding the following deposition topics:

> 9. Your policies, documents, and communications concerning the Board's understanding, oversight, and implementation of objective non-discriminatory instruction in Florida's public schools, including the Board's identification of distortive or discriminatory lessons, subjects, or instructional materials.

> 10. Your policies, documents, and communications concerning the Board's use or understanding of the following terms: "indoctrination," "liberal ideology," "stale ideology," the "liberal agenda," the "progressive agenda," "socialism," the "woke mob,"

>"cancel culture," the "radical left," "critical race theory," the "1619 Project," "social and emotional learning," "diversity, equity, and inclusion," "racial colorblindness," "censorship," "intellectual freedom," or "academic freedom" from January 2019 to the present.

ECF No. 113-1 at 9-10.

Generally, courts take a permissive view of discovery. Likewise, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). This is because "[r]ules favoring broad discovery help 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.' " *Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).

But discovery has limits. Rule 26(c) allows "[a] party or . . . person from whom discovery is sought [to] move for a protective order," Fed. R. Civ. P. 26(c)(1), which this Court may grant if the moving party establishes good cause. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1249 (11th Cir. 2020). Ordinarily, that means the party seeking a protective order must show "specific prejudice or harm will result if" this Court does not issue a protective order. *Odom*, 337 F.R.D. at 362. "[T]he movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.' " *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

2

In moving for a protective order, Defendants argue that these two deposition topics "have nothing to do with HB 233." ECF No. 113 at 3. Defendants assert Topics 9 and 10 "are irrelevant and disproportionate to the needs of this case," and are instead "aimed at different, subsequently-enacted legislation . . . and out-of-context remarks plucked from news articles about various proposed or later-enacted bills[.]" *Id*. at 6.

But parties cannot unilaterally "dictate the scope of discovery based on their own view of the parties' respective theories of the case." *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014). While Plaintiffs' deposition topics involve policies and buzzwords related to other legislation for which the Board is partially responsible for enforcing and which is also tailored to postsecondary public education, the mere fact that Plaintiffs have noticed broad deposition topics does not entitle Defendant to a protective order. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Here, Plaintiffs allege the challenged provisions under HB 233 violate their constitutional rights by infringing on their freedom of expression, freedom from viewpoint discrimination, and freedom of association. *See* ECF No. 101. In addition, Plaintiffs allege that the challenged provisions are vague in violation of the Fourteenth Amendment. *Id*. Plaintiffs' theory frames the challenged provisions of

3

HB 233 as part of a broader effort by Florida lawmakers to "target and chill certain viewpoints with which [the law's] proponents disagree," specifically in the context of Florida's public education system. *Id*. ¶ 6.

Contrary to Defendants' assertion that the challenged topics are wholly irrelevant to Plaintiffs' claims because they appear to be directed at subsequently-enacted legislation, Defendants ignore the fact that Florida's Board of Education had proposed to ban instruction in critical race theory and the *1619 Project* in K-12 public schools *before* HB 233 was signed into law. *See* Fla. Admin. Code R. 6A-1.094124 (2021), https://www.flrules.org/gateway/ruleNo.asp?id=6A-1.094124, (noting June 14, 2021 change to proposed rule banning critical race theory and the *1619 Project*); *Governor Ron DeSantis Signs Legislation to Set the Pace for Civics Education in America*, GOVERNOR RON DESANTIS, (June 22, 2021), https://www.flgov.com/2021/06/22/governor-ron-desantis-signs-legislation-to-set-the-pace-for-civics-education-in-america/ (noting that HB 233 was signed into law on June 22, 2021).

Moreover, this Court agrees with Plaintiffs that investigating "extratextual evidence" is the essential purpose of the *Arlington Heights* test—a test that this Court has already endorsed as the appropriate analytical framework to address Plaintiffs'

4

claims. *See, e.g.*, ECF No. 102 at 3–4.[1] Thus, Defendants' complaint that Topics 9 and 10 include terms that are not found in the challenged law carries little, if any, weight.

Plaintiffs do concede, however, that Topic 9 is too broadly phrased with respect to "Florida's public schools," which include K-12 education over which the Board of Governors has no authority. *See* ECF No. 120 at 6. Accordingly, Defendants' motion for protective order is **GRANTED in part**. Plaintiffs are limited to questioning the Board's 30(b)(6) witness about postsecondary education and may not inquire about Florida's K-12 public schools with respect to Topic 9. As to the balance of Defendants' motion, ECF No. 113, they have failed to establish good cause for issuance of a protective order. Accordingly, the motion, ECF No. 113, is otherwise **DENIED in part**. Nonetheless, this Court reminds Plaintiffs that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7

---

[1] This Court recognizes that Defendants also object to the deposition topics insofar as they assert HB 233 does not regulate speech, and, that if any intent is relevant, it is only the Legislature's intent that this Court should consider. Defendants' objections are noted. However, as this Court has already ruled, Plaintiffs assert a cognizable theory that the challenged provisions violate the First Amendment under *Reed*, and that the Board's intent—and, for example, evidence related to the way Defendants implement the survey provisions—are relevant to show the challenged provisions' effects under the *Arlington Heights* test. *See* ECF No. 102 at 4; *see also* ECF No. 90 at 3–4.

hours," Fed. R. Civ. Proc. 30(d)(1), and thus they should use their time wisely with respect to all the topics noticed for this deposition.

**SO ORDERED on July 11, 2022.**

<u>s/Mark E. Walker         </u>
**Chief United States District Judge**
