# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM A. LINK et al.,

        *Plaintiffs*,

    v.

RICHARD CORCORAN, et al.,

        *Defendants.*

Case No. 4:21-cv-271-MW/MAF

---

### PLAINTIFF UNITED FACULTY OF FLORIDA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, United Faculty of Florida's ("UFF" or "Plaintiff"), by and through its attorneys, submits the following written objections and responses to Defendants' First Request for Production of Documents ("Requests") served on November 8, 2021.[1]

### PRELIMINARY STATEMENT

Discovery is ongoing, and Plaintiff has not completed its investigation. These responses and objections are based on the information and documents currently

---

[1] The parties conferred and Defendants' counsel agreed that Plaintiffs should have until January 7, 2022 to respond to these and the other discovery requests that Defendants served on November 8, 2021.

1

available to Plaintiff, and Plaintiff reserves its rights to alter, supplement, amend, or otherwise modify these responses and objections in light of additional facts revealed through subsequent inquiry.

## GENERAL OBJECTIONS

1.      Nothing in these responses or objections can be taken as an admission that Plaintiff agrees with Defendants' use or interpretation of terms. These responses and objections are based on Plaintiff's understanding of each individual request. To the extent Defendants assert an interpretation of any request that is inconsistent with Plaintiff's understanding, Plaintiff reserves the right to supplement its responses and objections.

2.      Plaintiff objects to Defendants' requests to the extent that they purport to impose obligations greater than those imposed by the applicable Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of Florida.

3.      Plaintiff objects to Defendants' requests to the extent that they purport to require Plaintiff to search for and produce documents that are not in its possession, custody, or control, including to the extent they would require Plaintiff to canvass, survey, or otherwise make inquiries to its members to obtain the information sought in the interrogatory. An objection on this ground does not constitute a representation or admission that such information does in fact exist.

2

4.     Plaintiff objects to Defendants' requests to the extent that they are overly broad or unduly burdensome, including if: (1) they seek information or documents obtainable from other sources that are more convenient, less burdensome, or less expensive; (2) they seek answers or information that may be derived or ascertained from a review, examination, audit, or inspection of business records to be produced where the burden of deriving or ascertaining such answers or information is substantially the same for Plaintiff as for Defendants; (3) they are cumulative or duplicative of any other interrogatory or request; (4) they are cumulative or duplicative of information or documents already in the possession of Defendants; (5) they require the expenditure of time and resources that outweighs the likely benefit of such efforts; or (6) they anticipate or require Plaintiff to canvass, survey, or otherwise make inquiries to its members to obtain the information sought in the interrogatory.

5.     Plaintiff objects to Defendants' requests to the extent that they seek information or documents that are not relevant or reasonably calculated to lead to the discovery of evidence admissible in this action.

6.     Plaintiff objects to Defendants' requests to the extent that they are vague or ambiguous.

7.     Plaintiff objects to Defendants' requests to the extent that they call for information or documents that fall within any relevant privilege (including, without limitation, the attorney-client privilege and the First Amendment privilege), are

3

within the work product doctrine, constitute trial preparation materials within the meaning of Rule 26, and/or constitute expert witness information that is not discoverable under Rule 26. If any protected information is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.

8.     Plaintiff objects to Defendants' requests to the extent that they would require Plaintiff to divulge information or documents protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, which guarantees, *inter alia*, the privacy of the "education records" of students at post-secondary educational institutions. Under FERPA, "education records" has a broad definition, encompassing all documents "directly related to a student" and "maintained by . . . a person acting for [an educational] agency or institution." 20 U.S.C. § 1232g(a)(4). Members of UFF are such persons. Plaintiff cannot produce covered information or documents protected by FERPA unless four requirements are met. First, the disclosure must be "in compliance with [a] judicial order, or pursuant to any lawfully issued subpoena." *Id*. at 1232g(b)(2)(B). Second, "parents and the students" must be "notified of all such orders or subpoenas in advance of the compliance" with that order or subpoena to the extent the request involves student information. *Id*. Third, a protective order must be in place to "restrict[] disclosure of the information to the purposes of the litigation." *C.T. v. Liberal Sch. Dist.*, No. 06-2093-JWL, 2008 WL 394217, at *4 (D. Kan. Feb. 11, 2008). Fourth, "the party

seeking disclosure" must "demonstrate a genuine need for the information that outweighs the privacy interest of the students." *Rios v. Read*, 73 F.R.D. 589, 599 (E.D.N.Y. 1977); *accord Daywalker v. Univ. of Texas Med. Branch at Galveston*, No. 3:20-CV-00099, 2021 WL 4099827, at *3 (S.D. Tex. Sept. 9, 2021). None of these requirements are met here: Defendants' Requests to UFF are neither a court order nor a subpoena; Defendants have produced no evidence that they have notified the parents or students of any of these requests to the extent the requests involve students; there is no protective order in place relating to student records; and Defendants have not demonstrated a "genuine need" for the information. Accordingly, Plaintiff cannot comply with any request that seeks disclosure of information or documents encompassed by FERPA.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents concerning and/or pertaining to any allegation set forth in the Complaint.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35, including any documents cited therein.

Plaintiff objects to this request as overbroad on the grounds that it requires Plaintiff to marshal all materials that could potentially be used to support its claims without reasonable limitation. *Cf. CGC Royalty Invs. I, LLC v. Bluewater Moorings, LLC*, No. 3:16-cv-899-D, 2017 WL 106795 at *14 (N.D. Tex. Jan. 11, 2017) ("There is a difference between providing a computation of damages that a party seeks and requiring a party to identify every document that 'reflect or would support any damages' that a party is claiming. The latter does exceed the permissible scope of discovery under Rule 26(b)(1)."). Plaintiff further objects to this request on the grounds that it is disproportionate to the needs of the case and to the extent that it encompasses documents that are irrelevant to the claims and/or defenses in this case. Plaintiff further objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants, such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Indeed, a significant amount of "[a]ny and all documents concerning and/or pertaining to" Plaintiff's allegations are in Defendants' possession, or more easily available to them than to Plaintiff. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this

6

response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents that Plaintiff intends to rely on, or intends to introduce in this Lawsuit.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request because it requires Plaintiff to prematurely marshal all of its available proof or the proof it intends to offer at trial. *Cf. CGC Royalty Invs. I, LLC*, 2017 WL 106795 at *14. Plaintiff will identify these materials in accordance with the deadlines set forth in the agreed-to Joint Scheduling Report, ECF No. 48, which was entered and incorporated by reference in the Court's Amended Scheduling & Mediation Order, ECF No. 50. Plaintiff further objects to this request as vague, overly broad, disproportionate to the needs of the case, and encompassing documents that are irrelevant to the claims and/or defenses in this case. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Plaintiff further objects to this request to the

extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 3:**

All documents reviewed or relied upon in answering Defendants' First Set of Interrogatories to Plaintiff.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request as vague, overly broad, and disproportionate to the needs of the case, including to the extent that it encompasses documents that are irrelevant to the claims and/or defenses in this case. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Plaintiff further objects to this request to the extent it seeks documents

8

that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents concerning and/or pertaining to communications with or statements made by any persons with knowledge of any of the allegations and/or claims made in the Complaint.

**RESPONSE:**

Pursuant to the agreement Plaintiff and Defendants' counsel reached at a meet and confer call on December 2, 2021, Plaintiff understands that Defendants have agreed to narrow this request as follows: "Any and all documents concerning and/or pertaining to communications with or statements made by any persons related to the Survey Provisions, the Anti-Shielding Provisions, and the Recording Provisions as framed in the Amended Complaint." Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search based on that narrowed request.

Plaintiff objects to this request's use of the term "statements," which is not

defined in Defendants' First Set of Requests for Production, as vague and ambiguous. Plaintiff also objects to this request as overly broad and exceeding the scope of discovery. Plaintiff further objects to this request to the extent it seeks information subject to the First Amendment privilege. *Christ Covenant Church v. Town of Sw. Ranches*, No. 07-60516-CIV, 2008 WL 2686860, at *5 (S.D. Fla. June 29, 2008) ("[A] qualified First Amendment associational privilege exists in the discovery context, potentially exempting a party from having to respond to infringing discovery requests."). As phrased, the request may seek communications between Plaintiff and those with whom it associates for expressive reasons; producing such communications would burden and/or chill Plaintiff's speech and ability to freely associate. Plaintiff further objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents obtained from current or former employees, agents, and/or representatives of Defendants concerning and/or pertaining to any of the allegations and/or claims made in the Complaint.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search.

Plaintiff objects to this request as vague, overly broad, and disproportionate to the needs of the case. Plaintiff also objects to this request because it seeks information in the possession of Defendants, equally (or, if anything, more easily) available to Defendants, publicly available information, or information otherwise available to Defendants through their own employees, agents, or representatives, or third parties, such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Plaintiff further objects to this request to the extent it seeks information that is protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitutes trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

11

**REQUEST FOR PRODUCTION NO. 6:**

With respect to each expert that you have retained to provide expert testimony in this cause, any documents provided by you or your counsel to each such expert; any documents received by you or your counsel from such expert; any correspondence, reports, or written statements relating to this lawsuit drafted by such expert, including all drafts and final versions; a current resume or CV of each such expert; any retainer agreements with each such expert; and any documents relating to compensation for each such expert's services.

**RESPONSE:**

Plaintiff objects to this request's use of the term "expert," which is not defined in Defendants' First Set of Requests for Production, as vague and ambiguous. Plaintiff further objects to this request because Plaintiff is not obliged to "make [its] expert disclosures prior to the deadline established by Fed. R. Civ. P. 26(a)(2)(D)." *Sanchez-Knutson v. Ford Motor Co.*, No. 14-61344-CIV, 2015 WL 11199686, at *2 (S.D. Fla. Oct. 2, 2015). Plaintiff also objects to this request because it is overly broad, overly burdensome, and seeks information outside the scope of discovery. Plaintiff further objects to this request because it seeks documents that are protected by the attorney-client privilege, the work-product doctrine, constitute trial preparation material within the meaning of Rule 26, and constitutes expert witness information that is not discoverable under Rule 26. Plaintiff will identify responsive and appropriately discoverable expert materials in accordance with the deadlines set

forth in the agreed-to Joint Scheduling Report, ECF No. 48, which was entered and incorporated by reference in the Court's Amended Scheduling & Mediation Order, ECF No. 50.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all videotapes, audiotapes, movie films, photographs (including photographs taken on any cellular or mobile device, digital camera, or tablet), or any other data formats, of any persons, parties, or witnesses pertaining to this lawsuit, including, but not limited to any incident of shielding or recording a lecture under HB 233.

**RESPONSE:**

Pursuant to the agreement Plaintiff and Defendants' counsel reached at a meet and confer call on December 2, 2021, Plaintiff understands that Defendants have agreed to narrow this request to material captured or recorded (1) in "the university setting" and (2) between January 1, 2018 to present. Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search based on that narrowed request.

Plaintiff objects to this request as vague because it seeks all media "of persons, parties, or witnesses pertaining to this lawsuit," but is not clear whether what it seeks

is media (1) that is related to this lawsuit and depicts persons, parties, or witnesses related to this lawsuit, or (2) that depicts persons, parties, or witnesses who are related to this lawsuit. Plaintiff further objects to this request on the grounds that it is not only overly broad and disproportionate to the needs of the case, but also because it encompasses documents that are irrelevant to the claims and/or defenses in this case. The request could encompass an extraordinary number of documents many (and likely most) of which have no relevance whatsoever to this lawsuit. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. For example, the Defendants, and many of the likely witnesses, in this matter are public figures and accordingly there are dozens or even hundreds of media of them available to the public. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all syllabus or curriculum for classes your post-secondary institution

members have taught from Spring 2016 to present which you contend may be discontinued or otherwise impacted by the passage of HB 233.

**RESPONSE:**

Pursuant to the agreement Plaintiff and Defendants' counsel reached at a meet and confer call on December 2, 2021, Plaintiff understands that Defendants have agreed to narrow this request as follows: (1) "curriculum" refers to collections of assigned reading (*e.g.*, "reading packets") created by a professor; and (2) "Spring 2016" refers to January 1, 2016.   Pursuant to the agreement, Plaintiff also understands that Defendants have agreed to limit this request to those documents already within Plaintiff's possession and do not expect and will not require Plaintiff to conduct any canvass of its members or search of documents within the possession, custody, or control of its members. Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search based on that narrowed request. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request's use of the terms "discontinued" and "impacted," which were not defined in Defendants' First Set of Requests for Production, as vague and ambiguous. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained

15

from another source that is more convenient, less burdensome, or less expensive. Plaintiff's past syllabi are in the possession of Plaintiff's employer, and many are publicly available online. Any responsive documents are in the possession of third parties, namely the post-secondary educational institutions over which Defendants have authority.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all syllabus or curriculum that have changed as a result of HB 233.

**RESPONSE:**

Pursuant to the agreement Plaintiff and Defendants' counsel reached at a meet and confer call on December 2, 2021, Plaintiff understands that Defendants have agreed to clarify this request as follows: "curriculum" refers to collections of assigned reading (*e.g.*, "reading packets") created by a professor. Additionally, Plaintiff also understands that Defendants have agreed to limit this request to those documents already within Plaintiff's possession and do not expect and will not require Plaintiff to conduct any canvass of its members or search of documents within the possession, custody, or control of its members. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request as overly broad and disproportionate to the needs of the case, and as encompassing documents that are irrelevant to the claims

and/or defenses in this case. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.  Past course curricula and syllabi are available to Defendants through third parties, including the post-secondary educational institutions over which Defendants have authority. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all communications your post-secondary institution members have received concerning the impact of HB 233 on their teaching and/or researching responsibilities.

**RESPONSE:**

Pursuant to the agreement reached by Plaintiff and Defendants' counsel at a meet and confer on December 2, 2021, Plaintiff understands that Defendants have agreed to limit this request to those documents already within Plaintiff's possession and do not expect and will not require Plaintiff to conduct any canvass of its

members or search of documents within the possession, custody, or control of its members. Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search.

Plaintiff objects to this request as vague and overbroad. Plaintiff further objects to this request to the extent it seeks documents protected by the First Amendment privilege. As phrased, the request may seek communications between Plaintiff and those with whom it associates, or with whom its members associate, for expressive reasons. Thus, Plaintiff objects to this request to the extent responding to it could impede upon or have a chilling effect on Plaintiff's, or its members', protected First Amendment rights. *See Whole Woman's Health v. Smith*, 896 F.3d 362, 373 (5th Cir. 2018) (noting that group's freedom of association was chilled because disclosure would harm relationships with others). Plaintiff also objects to this request on the grounds that it is overly broad and disproportionate to the needs of the case, and because it encompasses documents that are irrelevant to the claims and/or defenses in this case. Plaintiff further objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, and/or the work-product doctrine. Plaintiff also objects to this

18

request to the extent the documents it seeks constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents or communications you have distributed or otherwise made available to your post-secondary institution members or the public concerning HB 233.

**RESPONSE:**

Pursuant to the agreement reached by Plaintiff and Defendants' counsel at a meet and confer on December 2, 2021, Plaintiff understands that Defendants have agreed to limit this request to those documents already within its possession and will not conduct any canvass of its members or search of documents within the possession, custody, or control of its members. Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search for materials applying that limitation.

Plaintiff objects to this request to the extent it relies on "distributed or otherwise made available," which is not defined and is vague and ambiguous. Plaintiff further objects to this request to the extent it seeks documents protected by

the First Amendment privilege. As phrased, the request may seek non-public communications between Plaintiff and those with whom it associates, or with whom its members associate, for expressive reasons; producing such communications would burden and/or chill Plaintiff's own speech and its, or its members', ability to freely associate. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, and/or the work-product doctrine. Plaintiff also objects to this request to the extent the documents it seeks constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents or communications relating to each and every "credible threat" made by each and every Defendant as alleged in your Complaint.

**RESPONSE:**

Pursuant to the agreement reached by Plaintiff and Defendants' counsel at a meet and confer on December 2, 2021, Plaintiff understands that Defendants have

agreed to limit this request to those documents already within Plaintiff's possession and do not expect and will not require Plaintiff to conduct any canvass of its members or search of documents within the possession, custody, or control of its members. Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35, including specifically paragraphs 45, 50-52, 57, 58-61, 77, 79, and 80.

Plaintiff objects to this request as to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. The "credible threats" alleged in the Amended Complaint refer in part to public statements made by public officials; accordingly, documents that "relat[e] to" them are numerous and publicly available or in the possession of third parties and therefore equally available to Defendants, or are already in possession of Defendants. In the months since Plaintiffs have filed their complaint there have been multiple public reports regarding additional credible threats including efforts to stymie discourse with which Governor Ron DeSantis and his political allies disagree. These materials are available in the public sphere and/or are equally or even more easily accessible by Defendants. Furthermore, because this request seeks information about Defendants' own statements, Defendants are likely

in possession of, or have easier access to, many of the documents requested. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all student evaluations from your post-secondary institution members from Spring 2016 to present.

**RESPONSE:**

Pursuant to the agreement reached by Plaintiff and Defendants' counsel at a meet and confer on December 2, 2021, Plaintiff understands that Defendants have agreed to limit this request to "formal evaluations," such as "end of course evaluations, or evaluations performed by peers or others which are considered in conjunction with employment or accrediting decisions," from January 1, 2016 to present. Plaintiff further understands that Defendants have agreed to limit this request to those documents already within Plaintiff's possession and will not expect or require Plaintiff to conduct any canvass of its members or search of documents within the possession, custody, or control of its members. Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce

responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request's use of the term "student evaluations," which is undefined, as vague and ambiguous. Plaintiff further objects to this request on the grounds that it seeks documents irrelevant to the claims and/or defenses in this case. Student evaluations of Plaintiff's members make Plaintiff's claims no more or less likely to succeed and have no bearing on whether Plaintiff's speech or freedom of association has been chilled, or as to whether the HB 233 was passed with the intent to discriminate based on viewpoint. Plaintiff also objects to this request because Defendants seek documents which they can obtain from sources that are more convenient, less burdensome, or less expensive. "Student evaluations" of Plaintiff's members, to the extent they exist, are available to Defendants through third parties, such as Florida's public post-secondary educational institutions, over which Defendants have authority. Plaintiff further objects to this request to the extent it seeks documents protected by the First Amendment privilege. As phrased, the request may seek non-public communications between Plaintiff and those with whom it associates, or with whom its members associate, for expressive reasons; producing such communications would burden and/or chill Plaintiff's own speech and its, or its members', ability to freely associate. Plaintiff further objects to this request to the extent it seeks documents protected by its members' right to privacy

guaranteed by the Art. I, § 23 of the Florida Constitution and other sources of law. For example, this request is so broad that it may seek documents contained in Plaintiff's members' personnel files, which, under Florida law are protected by the state constitution's guarantee of privacy. *See Alterra Healthcare Corp. v. Est. of Shelley*, 827 So. 2d 936, 941 (Fla. 2002). Plaintiff further objects to this request to the extent that it is duplicative and/or cumulative of the documents requested in Request No. 14, as it seeks substantially similar documents.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents concerning your post-secondary institution members' performance as a teacher or researcher, whether formal or informal, from Spring 2016 to present.

**RESPONSE:**

Pursuant to the agreement reached by Plaintiff and Defendants' counsel at a meet and confer on December 2, 2021, Plaintiff understands that Defendants have agreed to limit this request to "formal evaluations," such as "end of course evaluations, or evaluations performed by peers or others which are considered in conjunction with employment or accrediting decisions," from January 1, 2016, to present. Plaintiff further understands that Defendants have agreed to limit this request to those documents already within Plaintiff's possession, and that

Defendants will not expect or require Plaintiff to conduct any canvass of its members or search of documents within the possession, custody, or control of its members. Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search based on this narrowed request.

Plaintiff objects to this request as vague as to what constitutes an "informal" document "concerning … performance as a teacher or researcher." Plaintiff further objects to this request on the grounds that it is overly broad and disproportionate to the needs of the case, and also to the extent that it encompasses documents that are irrelevant to the claims and/or defenses in this case. The request is so broad as to encompass private communications, drafts of papers or research, and all manner of other documents, none of which have any bearing on this matter. Furthermore, evaluations of Plaintiff's members' "performance as a teacher or researcher" make Plaintiff's claims no more or less likely to succeed and have no bearing on whether Plaintiff's speech or freedom of association has been chilled, or as to whether HB 233 was passed with the intent to discriminate based on viewpoint. Plaintiff also objects to this request because Defendants seek documents which they can obtain from a source that is more convenient, less burdensome, or less expensive. "Student evaluations" of Plaintiff's members, to the extent they exist, are available to Defendants through third parties, such as Florida's public post-secondary

educational institutions, over which Defendants have authority. Plaintiff further objects to this request to the extent it seeks documents protected by the First Amendment privilege. As phrased, the request may seek non-public communications between Plaintiff and those with whom it associates, or its members associate, for expressive reasons; producing such communications would burden and/or chill Plaintiff's own speech and its, or its members', ability to freely associate. Plaintiff further objects to this request to the extent it seeks documents protected by members' right to privacy guaranteed by the Art. I, § 23 of the Florida Constitution and other sources of law. For example, this request is so broad that it may seek documents contained in Plaintiff's members' personnel files which under Florida law is protected by the state constitution's guarantee of privacy. *See Alterra Healthcare Corp.,* 827 So. 2d at 941. Plaintiff further objects to this request to the extent that it is duplicative and/or cumulative of the documents requested in Request No. 13.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documents concerning any policy prohibiting or allowing your members to record lectures at a post-secondary institution, or any request to do so or denial.

**RESPONSE:**

Pursuant to the agreement reached by Plaintiff and Defendants' counsel at a meet and confer on December 2, 2021, Plaintiff understands that Defendants have agreed to limit this request to those documents already within Plaintiff's possession and do not expect and will not require Plaintiff to conduct any canvass of its members or search of documents within the possession, custody, or control of its members. Pursuant to that same agreement, Plaintiff also limits its search and production as follows: between January 1, 2016 to present. Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also refers Defendants to Florida Statutes § 934.03.

Plaintiff objects to this request as vague as to the word "policy," which is not defined. Plaintiff further objects to the request on the grounds that it is not only overly broad and disproportionate to the needs of the case, but also because it encompasses documents that are irrelevant to the claims and/or defenses in this case. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Plaintiff further objects to this request to the extent that it would require Plaintiff to divulge information or documents protected

by FERPA. Plaintiff further objects to the extent this request seeks documents concerning reasonable accommodations provided to students pursuant to the Americans with Disabilities Act or other disability statutes. Such documents are protected against disclosure under federal law and by the right to privacy guaranteed by Art. I, § 23 of the Florida Constitution. *Cf. Gomillion v. State*, 267 So. 3d 502, 506 (Fla. 2d DCA 2019) ("[I]n Florida, medical records are protected as private by our state constitution.").  Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents that support your contention that the Survey Provisions will chill speech.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

28

Plaintiff objects to this request on the grounds that it is overbroad and because it requires Plaintiff to marshal all materials that could potentially be used to support its claims without reasonable limitation. *Cf. CGC Royalty Invs. I, LLC*, 2017 WL 106795 at *14. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. As phrased, the request seeks documents that are publicly available, in the possession of third parties, or in the possession of Defendants, such as those statements made by public figures identified in the Amended Complaint. *See e.g.*, ECF 35 at ¶¶ 45, 50-52, 57, 58-61, 77, 79, and 80. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents that support your contention that the Survey Provisions were designed to chill speech.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request on the grounds that it is overbroad and requires Plaintiff to marshal all materials that could potentially be used to support its claims without reasonable limitation. *Cf. CGC Royalty Invs. I, LLC*, 2017 WL 106795 at *14. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. As phrased, the request seeks documents that are publicly available, in the possession of third parties, or in the possession of Defendants, such as those statements made by public figures identified in the Amended Complaint. *See e.g.*, ECF 35 at ¶¶ 45, 50-52, 57, 58-61, 77, 79, and 80. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this

response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents that support your contention that the Survey Provisions will compel speech.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request on the grounds that it is overbroad and requires Plaintiff to marshal all materials that could potentially be used to support its claims without reasonable limitation. *Cf. CGC Royalty Invs. I, LLC*, 2017 WL 106795 at *14. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. As phrased, the request seeks documents that are publicly available, in the possession of third parties, or in the possession of Defendants, such as those statements made by public figures identified in the Amended Complaint. *See e.g.*, ECF 35 at ¶¶ 45, 50-52, 57, 58-61, 77, 79, and 80. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the

work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents that support your contention that the Survey Provisions were designed to compel speech.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request on the grounds that it is overbroad and requires Plaintiff to marshal all materials that could potentially be used to support its claims without reasonable limitation. *Cf. CGC Royalty Invs. I, LLC*, 2017 WL 106795 at *14. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. As phrased, the request seeks documents that are publicly available, in the possession of third parties, or in the possession of

Defendants, such as those statements made by public figures identified in the Amended Complaint. *See e.g.*, ECF 35 at ¶¶ 45, 50-52, 57, 58-61, 77, 79, and 80. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents that support your contention that the Recording Provisions will chill speech.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request on the grounds that it is overbroad and requires Plaintiff to marshal materials that could potentially be used to support its claims without reasonable limitation. *Cf. CGC Royalty Invs. I, LLC*, 2017 WL 106795 at *14. Plaintiff also objects to this request to the extent that it seeks publicly available

documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. As phrased, the request seeks documents that are publicly available, in the possession of third parties, or in the possession of Defendants, such as those statements made by public figures identified in the Amended Complaint. *See e.g.*, ECF 35 at ¶¶ 45, 50-52, 57, 58-61, 77, 79, and 80. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents that support your contention that the Recording Provisions were designed to chill speech.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request on the grounds that it is overbroad and requires Plaintiff to marshal materials that could potentially be used to support its claims without reasonable limitation. *Cf. CGC Royalty Invs. I, LLC*, 2017 WL 106795 at *14. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. As phrased, the request seeks documents that are publicly available, in the possession of third parties, or in the possession of Defendants, such as those statements made by public figures identified in the Amended Complaint. *See e.g.*, ECF 35 at ¶¶ 45, 50-52, 57, 58-61, 77, 79, and 80. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents that support your contention that the Anti-Shielding Provisions will compel your post-secondary institution members to espouse viewpoints with which they disagree.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search. Plaintiff also directs Defendants to the Amended Complaint, ECF No. 35.

Plaintiff objects to this request on the grounds that it is overbroad and requires Plaintiff to marshal materials that could potentially be used to support its claims without reasonable limitation. *Cf. CGC Royalty Invs. I, LLC*, 2017 WL 106795 at *14. Plaintiff also objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. As phrased, the request seeks documents that are publicly available, in the possession of third parties, or in the possession of Defendants, such as those statements made by public figures identified in the Amended Complaint. *See e.g.*, ECF 35 at ¶¶ 45, 50-52, 57, 58-61, 77, 79, and 80. Plaintiff further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this

response at a later time as appropriate.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents or communications concerning the "progressive legislation" you have sought to pass from January 1, 2019 to present, as alleged in Paragraph 18 of the Complaint.

**RESPONSE:**

Subject to, and without waiving the below objections and General Objections above, Plaintiff will produce any responsive, nonprivileged documents in its possession, custody, or control that it is able to locate following a reasonable search.

Plaintiff objects to this request to the extent that it seeks publicly available documents and/or documents that are otherwise available to Defendants such that responsive materials may be obtained from another source that is more convenient, less burdensome, or less expensive. Plaintiff further objects to this request to the extent it seeks documents protected by the First Amendment privilege. As phrased, the request may seek non-public communications between Plaintiff and those with whom it associates, or with whom its members associate, for expressive reasons; producing such communications would burden and/or chill Plaintiff's own speech and its, or its members', ability to freely associate. Plaintiff objects to this request on the ground that it is overbroad and not reasonably calculated to lead to discovery relevant to the claims or defenses in this action and/or is disproportionate to the needs of the case. Plaintiff further objects to this request to the extent it seeks

documents that are protected by the attorney-client privilege, the First Amendment privilege, and/or the work-product doctrine, and/or constitute trial preparation material within the meaning of Rule 26 and/or expert witness information that is not discoverable under Rule 26.

Discovery is ongoing and Plaintiff reserves the right to supplement this response at a later time as appropriate.

Dated: January 7, 2022.                    Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111
Thomas A. Zehnder
Florida Bar No. 0063274
Robyn M. Kramer
Florida Bar No. 0118300
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
tzehnder@kbzwlaw.com
rkramer@kbzwlaw.com

Marc E. Elias*
Elisabeth C. Frost*
Alexi M. Velez*
Jyoti Jasrasaria*
Spencer Klein*
Joseph Posimato*
Noah Baron*

38

ELIAS LAW GROUP LLP
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
melias@elias.law
efrost@elias.law
avelez@elias.law
jjasrasaria@elias.law
sklein@elias.law
jposimato@elias.law
nbaron@elias.law

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2022 I served a copy of the foregoing

via email to all counsel listed on the Service List below.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

## SERVICE LIST

George T. Levesque
James Timothy Moore, Jr.
Patrick M. Hagen
GrayRobinson, P.A.
301 S. Bronough Street, Suite 600
Tallahassee, FL 32301
george.levesque@gray-robinson.com
tim.moore@gray-robinson.com
patrick.hagen@gray-robinson.com

*Counsel for Defendants*